PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2008 Subaru Legacy struck a hole on 1-64 West, one half mile before the Teays Valley Exit, in Putnam County. Claimant’s husband, George Finley, was the driver at the time of the incident. 1-64 West is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 5:15 p.m. on December 18, 2008. George Finley testified that he was driving through a construction zone on 1-64 West at approximately 48 miles per hour when his vehicle struck a hole in the road that was between six to eight inches deep. He stated that there were a series of holes in this area. The lanes had been shifted due to construction, and the holes were located near the white line on the right side of the road. Mr. Finley stated that he is familiar with this area and travels this road on a daily basis. Although he had previously noticed the hole at this location, he was unable to avoid it due to the traffic. Mr. Finley stated that the hole formed as a result of cold weather and traffic, and it had increased in size over time. Claimant’s damages amount to $1,355.42. Claimant’s insurance deductible at the time of the incident was $500.00. Claimant also incurred $80.00 in shipping expenses to obtain the parts to repair her vehicle and avoid the expense of renting a vehicle. However, the cost for shipping the parts was not covered by her insurance.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64 West. Respondent did not present a witness at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liableforroad defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and areasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole *53 presented a hazard to the traveling public. Since there were a series of holes at this location, the Court finds respondent negligent. Thus, claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $580.00.
Award of $580.00.